97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James WASHINGTON, Plaintiff-Appellant,
v.
James GOMEZ, Director, Department of Corrections; Arden A.
Calderon; S.P. Armoskus, Defendants-Appellees.
and
K. Brown, Defendant.
 No. 96-15013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner James Washington appeals pro se the district court's summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action. Washington claims that his Eighth Amendment rights were violated when correctional officer K. Brown used excessive force and applied handcuffs too tightly to Washington, despite Washington's warning that he suffers from "venous insufficiency." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995), and we affirm for the reasons stated in the district court's order entered on December 21, 1995.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Washington's amended complaint names Brown as a defendant to this action. Brown, however, was never served with the complaint and is therefore not a party to this action. See Fed.R.Civ.P. 4. Washington does not contend that the district court erred by determining that Brown was not a party to this action
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal